NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1828
_____

UNITED STATES OF AMERICA,

v.

COURTNEY D. MARTIN,
a/k/a "C"

Courtney D. Martin,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-09-cr-00024-001)
District Judge: Honorable Kim R. Gibson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 9, 2017

Before: SMITH, *Chief Judge*, HARDIMAN, *Circuit Judge*, and
BRANN, *District Judge*.[*]

(Filed:  November 15, 2017)

_____

[*] The Honorable Matthew W. Brann, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

_____

OPINION[**]

_____

BRANN, *District Judge*.

Courtney D. Martin appeals the judgment of sentence imposed for violating the terms of his supervised release. Because the District Court did not abuse its discretion, we will affirm the sentence as substantively reasonable.

I

Because we write primarily for the benefit of the parties, we recount only the facts essential to our discussion.

On October 16, 2013, Martin began serving a three (3) year term of supervised release. On April 1, 2016, the United States Probation Office for the Western District of Pennsylvania sought to modify the terms of Martin's conditions of supervised release and provide for closer monitoring.[1] This modification request stemmed from Martin's "poor to fair" adjustment to supervision, which included his admitted use of marijuana and failure to find employment. These modifications required Martin: 1) to submit to searches performed by a United States Probation Officer; 2) to participate in the probation office's Intermediate Sanction Program; and 3) to participate in mental health assessment and

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The probation officer had previously reported Martin's various violations to the District Court, but did not charge him because he was under the supervision of the Pennsylvania Board of Probation and Parole at the time and was subject to sanctions from that state law enforcement entity. Martin was under state supervision until May 13, 2015.

treatment. Martin waived a hearing and the Court entered an Order on April 5, 2016, imposing these modifications.

On August 12, 2016, the probation officer filed a Petition for Warrant or Show Cause Hearing for Offender Under Supervision charging Martin with violating eight terms of his supervised release. At a subsequent hearing held on October 24, 2016, Martin, the probation officer, and the government agreed that two violations would be withdrawn, and Martin admitted to the remaining six violations. Based in part on positive drug tests taken on August 28, 2015, February 24, 2016, March 18, 2016, March 25, 2016, and April 21, 2016, these violations included, *inter alia*, a failure to "participate in a program of testing and, if necessary, treatment for substance abuse," and a refusal to enroll in the U.S. Probation Office's Substance Abuse Testing Program. App. 186. The District Court revoked Martin's supervised release, but, upon joint request, deferred the sentencing stage of the hearing for 90 days to allow Martin to "demonstrate that he is willing to undergo certain treatment and abide by the conditions." App. 200–201. Thereafter, Martin failed to appear for his December 15, 2016 sentencing. The District Court issued an arrest warrant and Martin was taken into custody.

On March 27, 2017, the District Court held the previously deferred sentencing hearing. At this hearing, the parties did not challenge the calculated guideline range within the violation worksheet, and the Court adopted the 12 to 18 month range of imprisonment, with 60 months of supervision to follow. Martin's counsel thereafter requested that the Court vary downward and give him "a sentence of time served, released on a period of supervision, with mental health and substance abuse treatment as

3

a condition of that release, and that whatever supervision this Court impose . . . be six months." App. 222. The government asked that the Court vary upward and impose a sentence of 24 months with no supervision to follow.

The District Court sentenced Martin at the top of the guideline range to 18 months of imprisonment with no period of supervision to follow. The District Court stated as reasons for this sentence that Martin had "engaged in continued criminal activity," and that his failure to abide by the conditions of his supervised release made him "a danger to the community." App. 231. The District Court further reasoned that, because Martin had not "taken his supervision conditions seriously," the incarcerative sentence was required to "ensure prevention of further crimes committed by him" and reflected the "seriousness of his violations." App. 232.

## II

The District Court had jurisdiction over this criminal matter pursuant to 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e)(3). We have jurisdiction to review the final decision of the District Court and Martin's sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## III

Martin argues that the 18 month incarcerative sentence imposed by the District Court is substantively unreasonable. The substantive reasonableness of a district court's sentencing decision is reviewed under an abuse of discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). The "touchstone" of this inquiry is "whether the record as a whole reflects rational and meaningful consideration of the

factors enumerated in 18 U.S.C. § 3553(a)." *Id.* (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc) (citation omitted). When making this inquiry, "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Rather, "[t]he substantive reasonableness of each sentence must be evaluated on its own terms, based on the reasons that the district court provided and in light of the particular facts and circumstances of the case." *Tomko*, 562 F.3d at 574.

At the outset, we note that Martin makes no argument that his sentence was procedurally unsound. In such a circumstance, "[w]e will affirm a procedurally sound sentence as substantively reasonable 'unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the District Court provided.'" *United States v. Friedman*, 658 F.3d 342, 360 (3d Cir. 2011) (quoting *Tomko*, 562 F.3d at 568)). Upon review of the record, we find the District Court's sentence within the advisory guideline range to be well within the ambit of reasonable dispositions. Indeed, while Martin questions the substantive reasonableness of his sentence given that his violations stemmed from substance abuse and untreated mental health issues, Appellant Br. at 15, we note that the District Court had previously continued the sentencing to permit Martin additional time to "undergo certain treatment" and demonstrate an ability to abide by the conditions of his release. As evidenced by his absence at the aborted December 15, 2016 sentencing, Martin failed to seize this opportunity.

5

When a sentence is imposed for violation of a supervised release condition, we have previously held that the term fashioned must "primarily . . . sanction the defendant's breach of trust while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." *United States v. Dees*, 467 F.3d 847, 853 (3d Cir. 2006) (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt.). Here, the District Court noted that Martin had not "taken his supervision conditions seriously," and that the sentence imposed was necessary to "ensure prevention of further crimes committed by him" and to reflect the "seriousness of his violations." App. 232. Although brief, we find that the District Court's reasoning demonstrates consideration of the factors enumerated in 18 U.S.C. § 3553(a) and the parties' arguments. *See Rita v. United States,* 551 U.S. 338, 358 (2007) ("In the present case the sentencing judge's statement of reasons was brief but legally sufficient . . . The record makes clear that the sentencing judge listened to each argument."). Accordingly, we conclude that the sentence imposed was substantively reasonable.

IV

Based on the above reasoning, the March 28, 2017 sentence imposed by the District Court will be affirmed.